IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:   JONATHAN LUKE CHRISTOPHER             CASE NO: 23-31572-SHB
         SAMANTHA ELIZABETH DIANE CHRISTOPHER  CHAPTER 13
         DEBTORS

OBJECTING PARTY:  **CHAPTER 13 TRUSTEE OBJECTION TO CONFIRMATION**

COMES NOW, Debra L. Miller, Standing Chapter 13 Trustee, and for her Objection to Confirmation states as follows:

1. This Chapter 13 was filed on September 6, 2023, the proposed plan was filed on September 6, 2023, and the First Meeting of Creditors was set on October 19, 2023.

2. In order for a plan to be confirmed, the plan must meet the requirements of 11 U.S.C. §1325(a), and if a Trustee objects, meet the requirements of 11 U.S.C. §1325(b), providing that as of the effective date of the plan, the plan provides that all of the Debtors' disposable income to be received in the applicable commitment period of the plan will be applied to make payments to unsecured creditors under the plan.

3. In business cases, to perform the duties in 11 U.S.C. § 1302(c), the Chapter 13 trustee will often require debtor's books and records, the debtor's tax returns for at least two years, any inventory of the debtor's business, financial statements, schedule of accounts receivable and accounts payable, bank accounts, insurance policies and a pro forma statement for operation of the business during

the Chapter 13 case.[1] The business inventory must be accounted for, and any physical inventory of business property must be revealed. The names and addresses of current and former partners, officers, directors and shareholders must be listed.

4. Trustee notes that this is not a mom-and-pop little business. On the 2021 federal tax return, the one business "She Shed" had gross sales of $2,146,781. On the 2022 federal tax return, the one business listed had gross sales of $1,184,724.[2] That does not include the at least other two business owned and operated by the Debtors in 2021 and 2022.[3]

5. In performing the duties found in 11 U.S.C. § 1106(a)(3) and (a)(4), the Trustee will investigate past conduct, assets, liabilities and financial condition of the debtor and the debtor's business and filing a statement of that investigation.[4]

6. In this case, the Debtors have failed to provide the basic information requested by the Trustee in order to do the investigation.

   a.  On September 11, 2023, the Trustee's Office sent the standard business Interrogatories and Request to Produce Documents to the Debtors. To date, the interrogatories have not been answered and the documents have not been produced.

   b.  Trustee reminded the Debtors' counsel on October 18, 2023, and asked for the Interrogatories, business questionnaire and documents including bank records and tax returns to be provided.

---

[1] Keith Lundin, Lundin On Chapter 13 §33.1 at ¶ 3
[2] Trustee notes that wages of $142,823 are listed as expenses on the 2022 tax return and wages of $165,591 are listed as expenses on the 2021 tax return.
[3] The other two businesses are Cherokee Tree Service and Ink Monster LLC.
[4] Keith Lundin, Lundin On Chapter 13 §33.1 at ¶ 3

c.  On November 16, 2023, Trustee conducted a continued 341 hearing with the Debtors. Trustee again asked for the interrogatories and the documents to be provided. Mrs. Christopher advised that she would provide the Questionnaire, interrogatories, bank statements and all documents requested by November 27, 2023. To date they have not been provided.

d.  During the First Meeting of Creditors, Trustee requested the 2018, 2019, and 2020 personal federal tax returns as the Internal Revenue Service advised they were not filed. To date, those have not been provided.

e.  Trustee notes that the State of Tennessee (worker's compensation, labor and workforce development, sales tax, etc.) have not been listed or noticed of this bankruptcy.

f.  On November 17, 2022, the Trustee was notified by Knox County Deputy Law Director that there are apparent businesses being operated by the Debtor without the appropriate business licenses.

g.  Debtors have failed to provide the Cherokee Tree Service business returns (Mr. Christopher's business) for the last two years including the 1099 returns Mr. Christopher testified he filed each January.[5]

h.  Debtors have failed to provide the 940 and 941s that Mrs. Christopher testified she filed when she had W-2 employees prior to 2023. In fact, Scott Milligan, Chapter 7 Trustee, has indicated that a Debtor, who was an employee/1099 employee of the Debtors, has a dischargeability action against the Christophers- and that Debtor was not listed as a creditor in this bankruptcy.

---

[5] Trustee notes that the 2021 and 2022 federal tax returns provided to her office includes no income or expenses from Cherokee Tree Service or any other company other than She Said.

i.  Debtors failed to list all of their assets. Mr. Christopher testified under oath and in his Schedules that he had no interest in real estate other than the property being paid thru the Chapter 13 on Chapman Highway. Only after being questioned by the Trustee did Mr. Christopher admit he had an interest in the real estate at 1315 McCammon Rd from "some family trust". Trustee notes property records indicate that the property was transferred to Jonathon Christopher on December 18, 2018, and has a tax appraisal value of $18,800. Trustee requested a copy of the Trust and for Schedule A/B to be amended. To date, she has not been provided the documents and the Schedules have not been amended.

j.  Debtors failed to disclose all of their business interests. Trustee specifically asked Mrs. Christopher if she was a partner in Ink Monster at the 341 hearing. She testified she was not a partner in the company and had set up the company yet never used it and was never involved in the company. Trustee has copies of bank accounts in Ink Monster LLC dba She Shed and from January thru May 2023 and an operating agreement for the Ink Monster dba She Shed dated March 8, 2022 in which Samantha Allen-Christopher signed as a member of the LLC.

Part of the theory behind bankruptcy, is that the Debtors provide true, correct and accurate information about their assets, liabilities and creditors. In return, relying on those representation and the parties proceeding in good faith, the Debtors can have the protection of bankruptcy to reorganize their finances. In this case, the Debtors are failing to provide truthful, complete and accurate information. As they have failed in their duty to provide information and to be truthful and candid, they should no longer have the protection of the Bankruptcy Court, their case should be dismissed and a bar should be

considered for the time they sat receiving the protection of this court that they clearly were not entitled to as they were not proceeding in good faith.

Trustee objects to confirmation for the reasons outlined above.

Dated: December 19, 2023

s/ Debra L. Miller, Trustee
DEBRA L. MILLER, #19656-49 IN
Standing Chapter 13 Trustee
314 Erin Drive, Suite 201
Knoxville, TN  37919
(865) 524-4995

## CERTIFICATE OF SERVICE

Based on information and belief, the Chapter 13 Trustee hereby certifies to the correctness of the facts contained in this Objection to Confirmation and hereby certifies that a true and exact copy of the same has been serviced by electronic mail and/or by first class United States mail postage prepaid on the following individuals as addressed below this 19th day of December 2023.

Jonathan and Samantha Christopher, Debtors (USM)
6547 Chapman Highway
Knoxville, TN  37920

William E. Maddox, (ECF)
Attorney for Debtors

Tiffany DiIorio, Attorney (ECF)
Office of United States Trustee

s/ Debra L. Miller, Trustee
Debra L. Miller, #19656-49 IN
Chapter 13 Trustee
314 Erin Drive, Suite 201
Knoxville, TN  37919
(865) 524-4995