

**SO ORDERED.**
**SIGNED this 13th day of February, 2024**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Suzanne H. Bauknight
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE:  Jonathan Luke Christopher
Samantha Elizabeth Diane Christopher          Case #23-31572 - SHB
                                              Chapter 13

---

<u>ORDER DISMISSING CASE PRECONFIRMATION
WITH PREJUDICE</u>

1. This Chapter 13 case is DISMISSED with prejudice upon the Trustee's certification for failure by the debtors' to comply with the Court's Order entered January 4, 2024; and the debtors are enjoined from filing another bankruptcy case under the title 11 of the United States Code for a period of 180 days from the date of this order.

2. Any wage order previously entered by this court is vacated, and the employer or other entity must cease withholding income for payment to the trustee.

3. For services rendered in this chapter 13 case, the attorney for the debtor(s) is awarded a fee in the amount of $1,750. This fee award is final unless within ten days after entry of this order: (1) the debtor(s) or chapter 13 trustee files an objection to the fee award; or (2) counsel for the debtor(s) files an application pursuant to Fed. R. Bankr. P. 2016(a) requesting a fee higher than the amount awarded herein. In accordance with E.D. Tenn. LBR 9013-1(c), (d)(1), and (f), any objection filed by the chapter 13 trustee or application filed by counsel for the debtor(s) should be accompanied by a proposed

order, contain a certificate evidencing service upon the debtor(s), chapter 13 trustee, and/or counsel for the debtor(s), as appropriate and be set for hearing. Any objection filed by the debtor(s), as appropriate, and be set for hearing. Any objection filed by the debtor(s) will be set for hearing by the clerk and notice given.

4. The attorney's fee awarded herein shall be paid from any prepetition retainer held by counsel for the debtor(s), with the balance paid by the chapter 13 trustee from any plan payments held by the trustee, subject to paragraph 5 below. In the event that counsel for the debtor(s) has received a retainer in an amount greater than the amount awarded herein, counsel shall refund the balance to the debtor(s) after first determining that the filing fee in the case has been paid or that the chapter 13 trustee has sufficient funds on hand from plan payments to pay the outstanding filing fee. If the filing fee has not been paid and the trustee does not have sufficient funds on hand to pay such fee, counsel for the debtor(s) shall transmit to the trustee from the retainer balance and amount sufficient to pay the filing fee or the remaining balance from the retainer, whichever is less.

5. In accordance with 11 U.S.C. § 1326(a)(2), the trustee shall return any plan payments to the debtor(s) after payment in the following order of priority: (a) any unpaid filing fees; and (b) any other administrative expenses awarded under 11 U.S.C. §503(b), including the attorney's fee awarded herein or by further order of the court.

###

APPROVED FOR ENTRY:

s/Debra L. Miller, Trustee
Debra L. Miller, #19656-49 IN
Chapter 13 Trustee
314 Erin Drive, Suite 201
Knoxville, TN 37919
(865) 524-4995